UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-00262 DMG (OPx)** | Date | July 5, 2011 |
|---|---|---|---|

| Title | *David M. Royster v. MortgageIT Inc., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT**

On December 8, 2010, Plaintiff David M. Royster filed a complaint in Riverside County Superior Court against Defendants MortgageIT Inc., Bank of America NA, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1 through 50. Bank of America and MERS removed the action to this Court on February 10, 2011, on the basis of federal question jurisdiction.

On February 17, 2011, MortgageIT filed a motion to dismiss the complaint [Doc. # 10]. Bank of America and MERS filed a motion to dismiss on February 25, 2011 [Doc. # 14]. The Court granted Defendants' motions to dismiss on April 5, 2011 [Doc. # 25]. Plaintiff filed a first amended complaint on April 26, 2011 [Doc. # 27].

The first amended complaint contains no claims arising under federal law. Although Plaintiff again asserts that Defendants violated statutory duties under the Truth in Lending Act, 15 U.S.C. § 1601, the Privacy Act, 5 U.S.C. § 552(b)(4), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (1st Am. Compl. ¶ 4), it appears that Plaintiff merely forgot to delete this paragraph from the original complaint. (*Compare* 1st Am. Compl. ¶ 4, *with* Compl. ¶ 4.) The first amended complaint raises three causes of action for fraud/misrepresentation and negligent misrepresentation. It presents no federal question.

It would be inappropriate for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state law claims because doing so would not serve the interests of judicial economy, convenience, fairness, and comity. *See* 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). This Court has no interest in adjudicating tort claims involving real property whereas California courts have a strong interest in applying California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-00262 DMG (OPx)** | Date | July 5, 2011 |
|---|---|---|---|
| Title | *David M. Royster v. MortgageIT Inc., et al.* | Page | 2 of 2 |

In light of the foregoing, this action is hereby **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**